## MONAHAN v. CAMPION.

(Supreme Court, Appellate Term.　December 21, 1905.)

SALES—EXECUTION OF CONTRACT—QUESTION OF FACT.

In an action for a balance due upon a sale of furniture, plaintiff proved
by defendant that the latter had received the goods and had made pay-
ments thereon.　It was also shown that the goods were selected by de-
fendant in company with his wife, and that the agreement of sale, which
was afterwards signed by defendant's wife, was not signed by defendant
merely because he was unable to go to plaintiff's place of business.　Held,
that such a prima facie case was established against defendant that
it was error to dismiss the complaint on the merits at the close of plain-
tiff's case.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 147.]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

.Action by Hugh V. Monahan against John Campion. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Richard J. Donovan, for appellant.

M. Steinert, for respondent.

BISCHOFF, J. The plaintiff, to support his action for a balance due upon a sale of furniture upon installments, proved by the testimony of the defendant that he (defendant) had received the goods and made payments to the aggregate of $105. It was also shown that the agreement of sale, while signed by the defendant's wife, was not signed by the defendant merely because of his inability to come to the plaintiff's place of business, after the goods had been selected by him, with his wife. The inference was obvious that credit had been given the defendant, and that he, the disclosed principal, had ratified his wife's act, as his agent, yet the complaint was dismissed "on the merits" at the close of the plaintiff's case, and without a submission of the issues on the whole case for determination by the justice. Certainly the prima facie proof was sufficient, and, if the facts were to be found in favor of the defendant, this result could be reached only after he had rested his case, assuming that the condition of the proof authorized such a conclusion.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.